UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
JUAN CARLOS RODRIGUEZ

                    Plaintiff

      -against-                       SECOND AMENDED
                                         PLAINTIFFS DEMAND
THE CITY OF NEW YORK,                TRIAL BY JURY
POLICE OFFICER MATTHEW GALE, Sh. # 05617
DETECTIVE HERAWATTIE JEEUTH, Sh. # 13760,        17-cv- 012
DETECTIVE DEWAYNE LEESHUE, Sh. # 13832
& POLICE OFFICER JOHN DOE 1- 10

                    Defendants

------------------------------------------------------------------------X


MICHAEL COLIHAN- ATTORNEY AT LAW

                                  44 Court Street
                                    Suite 906
                     Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JUAN CARLOS RODRIGUEZ

                        Plaintiff

            -against-                                    SECOND AMENDED
                                                         PLAINTIFFS DEMAND
THE CITY OF NEW YORK,                                    TRIAL BY JURY
POLICE OFFICER MATTHEW GALE, Sh. # 05617
DETECTIVE HERAWATTIE JEEUTH, Sh. # 13760,                17-cv- 012
DETECTIVE DEWAYNE LEESHUE, Sh. # 13832
& POLICE OFFICER JOHN DOE 1- 10

                        Defendants

------------------------------------------------------------------------X


        Plaintiff, JUAN CARLOS RODRIGUEZ, through his attorney, Michael Colihan, as and
for his complaint in this action against the defendants, above named, respectfully sets forth and
alleges as follows:


                        **PRELIMINARY STATEMENT**


        1. This is a civil action for damages brought to redress the deprivation by

defendants of the rights secured to plaintiffs under the Constitution and laws of the United States

and the State of New York. The defendants, upon information & belief  without probable cause,

unlawfully assaulted, arrested and falsely imprisoned the plaintiff in Bronx County . The plaintiff

suffered loss of liberty and serious and severe physical and psychological injuries, the full nature

and extent of which have yet to be determined. This was due to an assault by the defendants upon

the plaintiff . The plaintiff did not consent to any confinement and it was not otherwise

privileged. The defendants also falsely charged the plaintiff with criminal acts that he did not

commit. The underlying criminal case against the plaintiff was dismissed in Bronx County

Criminal Court.  By the filing of this complaint, the plaintiff now alleges that the individual

defendants, the City of New York & the New York City Police Department violated their rights under 42 USC Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law. The plaintiff alleges that the incidents that are the subject of their complaint are part of a pattern of false arrests and civil rights violations against persons of color, as well as others,  by members of The New York City Police Department . The motivation for these unlawful arrests is, upon information & belief,  overtime compensation for the arresting officers and the statistical needs of the NYPD. The City has displayed a deliberate indifference to this unlawful and perjurious activity by its employees.

**JURISDICTION**

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343  of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide his New York State Law claims of false arrest, false imprisonment, assault,  and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a

statutory obligation to indemnify such person under this chapter or any other provision of law"
N.Y. Gen. Mun. Law Section 50- e (1) n(b).


4.   Venue is properly laid in the Southern District of New York in that this is the District
where the claim arose, that is, Bronx County and also with respect to the managers of the City of
New York and The New York City Police Department who allow the unlawful acts complained
of to continue as well as the arrest of the plaintiff and the assault upon him. Upon information
and belief some if not all of the supervisors of the NYPD and the managers employed with the
City of New York who in turn supervise the NYPD are in New York and/or Bronx County.


## JURY DEMAND


5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to
Federal Rule of Civil Procedure 38 (b)


## PARTIES


6.   The plaintiff JUAN CARLOS RODRIGUEZ is a male of Hispanic heritage and a
resident of the City and State of New York and the County of the Bronx.


7.   The defendant THE CITY OF NEW YORK was and is a municipal corporation
organized and existing under the laws of the City and State of New York.


8. The defendant THE CITY OF NEW YORK maintains, operates, manages and

controls the New York City Police Department ( hereinafter referred to as "NYPD") a duly authorized police department authorized, organized and existing to perform and carry out all functions of a police department as per the applicable laws, rules, statues and ordinances of the aforementioned municipal corporation THE CITY OF NEW YORK.


   9.  That the defendant POLICE OFFICER MATTHEW GALE, Sh. # 5617 was and is an agent, servant and employee of the defendant the City of New York .

   10.  That the defendant DETECTIVE HERAWATTIE JEEUTH, Sh. # 13760 was and is an agent, servant and employee of the defendant the City of New York .

   11.  That the defendant DETECTIVE DEWAYNE LEESHUE, Sh. # 13832 was and is an agent, servant and employee of the defendant the City of New York .

   12 .That the defendants POLICE OFFICERS JOHN DOE 1- 10 were and are agents, servants and employees of the defendant the City of New York .


## STATEMENT OF RELEVANT FACTS

   13. That on or about the 9th day of January, 2015, at about 3:00am to 4:00am, the plaintiff JUAN CARLOS RODRIGUEZ was lawfully in the City and State of New York in the County of Bronx. He was outdoor near his home .

   14. At the aforesaid time and place, at or near the aforesaid location, the plaintiff was at the window of a deli grocery store at or near the intersection of Faile Street and Lafayette Avenue, County of Bronx, City & state of New York. He was attempting to make a purchase at said store and had paid for an item and was waiting for it to be given to him.

15. The plaintiff JUAN CARLOS RODRIGUEZ was committing no crime at that time and was not acting in a suspicious manner. He was not in possession of any contraband or controlled substances.

16. At the aforesaid time and place the plaintiff was unlawfully and without just cause, approached by POLICE OFFICER MATTHEW GALE Sh. # 05617. The defendant GALE told the plaintiff to "stop right there".

17. The defendant GALE spoke to the plaintiff in a loud & aggressive tone and acted in a threatening manner and was holding a baton that the plaintiff saw.

18. The plaintiff said " What did I do, I did not do nothing ". The plaintiff became scared, feared for his life and ran away.

19. After a chase on foot, at or near the intersection of Spofford Avenue and Hunt's Point Avenue the plaintiff slowed down, put his hands in the air and was grabbed by the defendant GALE and slammed to the ground.

20. Due to the actions of the defendant Gale, the plaintiff made forcible & violent contact with the ground including but not limited to his right shoulder & chin. The defendant then assaulted the plaintiff's on his chest.

21. The plaintiff screamed, then the defendant GALE punched the plaintiff in the chest, turned the plaintiff over and handcuffed him. The handcuffing was done in an unnecessarily painful manner known as " hogtying".  The plaintiff complained of the pain but the defendant did

nothing to help him.

22. The defendant then dragged the plaintiff on the ground to a police van and threw him inside it. The plaintiff sustained additional injuries to his chin. The plaintiff requested medical attention from a number of police defendants. His complaints included, but were not limited to, his asthma and his right arm & shoulder.

23. Despite his requests for medical attention, same was not provided for approximately 30 to 45 minutes. The plaintiff was eventually taken to Lincoln Hospital in police custody. He received no treatment for any of his injuries except for asthma despite his complaints for physical injuries received at the hands of the police. This, upon information and belief, was due to the conduct of the NYPD.

24. The defendant officers continued to imprison JUAN CARLOS RODRIGUEZ after his unlawful arrest. He spent approximately 24 hours in jail and was released at his arraignment. He was prosecuted under Bronx County Criminal Court docket number 2015BX001041. He was falsely charged with violation of New York State Penal Law 110/155.25, Attempted Petit Larceny and Attempted Tampering with Private Communications, NYS Penal Law 110/250.25.

25. The false criminal court complaint in the underlying criminal action was sworn to by defendant Matthew Gale.

26. After a number of appearances the underlying criminal case against the plaintiff, as described and identified above, was dismissed and sealed on the 7th day of October, 2015 before

Judge McGuire of the Criminal Court of the City of New York & County of the Bronx, Part AP-10.

27. Upon information and belief, the defendant Gale made false and misleading statements to the Bronx County District Attorney and others. Said false information and evidence was used against the plaintiff and formed the basis of the criminal charges against him. The false and misleading statements included, but were not limited to, untrue statements that the plaintiff was attempting to steal mail from a mailbox.

28.  The defendant individual officers began said prosecution with malice and otherwise caused said prosecution to be commenced against the plaintiff for the reason of obtaining a collateral objective outside the lawful and legitimate ends of the legal process, to avoid discipline for the aforementioned abuse of authority, to obtain overtime compensation and to obtain credit for an arrest. Defendant Gale did, in fact, receive approximately 11 ½ hours of overtime due to the false arrest of the plaintiff.

29. All of the foregoing took place as a direct and foreseeable result of the unconstitutional policies, customs and practices of the City of New York and the NYPD, including, without limitation, the falsification of evidence, criminal court complaints and other things to justify the arrest and prosecution of innocent people, including the plaintiffs . In addition, the individual defendants have been sued by citizens in many other matters involving civil rights abuses and other internal matters which the City of New York is or should be aware. This should have caused reasonable & prudent administrators to terminate, suspend or otherwise prevent these defendants from contact with the public they so repeatedly abused.

30. The events complained of are not isolated incidents. Defendant CITY OF NEW YORK, and its agents, servants and employees, especially its counsel, managers and supervisors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, notices of claim, complaints filed with the NYPD's Internal Affairs Bureau (IAB) and the CITY OF NEW YORK'S Civilian Complaint Review Board or "CCRB" that many officers of the NYPD, including the defendants, are not sufficiently trained regarding the law of arrest, the definition of probable cause & perjury,  and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

31. The aforementioned civil rights actions and other actions which should have given the defendants THE CITY OF NEW YORK and its managers notice of the tendency and propensity of the individual defendants to abuse civilians include, but were not limited to the following: As to Defendant Gale: OTERO v the City of New York & MATTHEW GALE, et al 13-cv-00454 (SDNY) , Palermo v the City of New York, et al 15-cv-06370, (SDNY)

As to defendant LEESHUE: Allen v the City of New York, 16-cv- 01286 (SDNY), BENITEZ v the City of New York & DWAYNE LEE- SHUE 14-cv- 07323 (SDNY) D avis v City of New York, et al 306328/2014 ( Bronx County Supreme Court) Lacen v the City of New York, et al 301132/2014 ( Bronx County Supreme Court)

As to defendant Jeeuth: Mercado v the City of New York, 307513/2013 ( Bronx County Supreme Court)

32. Further actions that should have placed the defendants, particularly its managers

that has been a pattern of abuse, arrest and false arrest by officers of the NYPD against members

of the public, are as follows. The actions include the following brought in the US District Court

for the Eastern & Southern Districts of New York  Bey v  v NYC, et al 09-03595 , Strong v NYC

et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the

City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the

City of New York, 06-1513; .Nielson v the City of New York , Patterson v NYC et al 10-cv-

00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-

1986 , Coleman v the City of New York, 11-2574, Rosenblum v the City of New York, 07 cv-

02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett v

The v City of New York, 11-1929, Bunche v the City of New York, 10-cv-5731.  Morrow v

NYC et al 11- 03054  George v NYC et al 10-cv-02407  Butta et al v NYC, 11-cv-02843, Hewitt

v NYC et al 09-00214, Goodwin v NYC 04-01482, Oluhesi v NYC et al 09- 01754,  Johnson,v

NYC et al 10-02407, Canlo v NYC 11-00052, , Hosang v NYC , et al 12-00751, Tung v NYC,

08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v

NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al 10-08438. Schoolcraft v the

City of New York, 10-cv-6005 (RWS) (S.D.N.Y.)  Patterson v the City of New York, 14-cv-

5330 (S.D.N.Y.) Taylor, et al v the City of New York 12-cv-05634 ( E.D.N.Y.), 14-cv-05865

Leitoe v. the City of New York.


    33. The defendant the CITY OF NEW YORK had notice of the following actions

brought in the US District Courts for the Eastern and Southern Districts of New York. The

defendant the CITY OF NEW YORK had actual notice of all these actions and those set forth in

the preceding paragraphs since its Law Department and Corporation Counsel filed notices of

appearance in all these actions and represented the defendants and /or settled all of same.

34. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against

35. Defendant THE CITY OF NEW YORK is further aware that such improper training & supervision has often resulted in a violation of people's civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure to act was a direct result of the acts complained of.

36. Further, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that is the subject of this complaint, that the individual defendants lacked the temperament, objectivity, maturity, discretion and proper disposition to function lawfully as police officers. Despite such notice, the defendant THE CITY OF NEW YORK has retained such officers, and failed to adequately train and supervise them.

37. By reason of the foregoing, plaintiff sustained injury and damage as described above.

**AS AND FOR A FIRST CLAIM ON BEHALF OF THE PLAINTIFF
JUAN CARLOS RODRIGUEZ
Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

38.  The plaintiff repeats the foregoing allegations.

39.  Each, every and all of the aforementioned acts of defendants, their agents, servants and employees were performed and carried out under color of law.

40. All of the above described acts deprived plaintiff JUAN CARLOS RODRIGUEZ of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

41. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

42. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom, practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

44. By reason of the foregoing, the plaintiff JUAN CARLOS RODRIGUEZ  is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CLAIM ON BEHALF OF JUAN CARLOS RODRIGUEZ**

Assault & Excessive Force under 42 U.S.C. Section 1983

45. Plaintiff repeats the foregoing allegations.

46. The Defendants, in particular defendant GALE assaulted the plaintiff JUAN CARLOS RODRIGUEZ as set forth above,  without just cause, used excessive force upon him, causing him to suffer physical and psychological injury.

47. By reason of the foregoing, the plaintiff JUAN CARLOS RODRIGUEZ is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CLAIM ON BEHALF OF JUAN CARLOS RODRIGUEZ**

False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

48. Plaintiff repeats the foregoing allegations .

49.  The Defendants arrested the plaintiff JUAN CARLOS RODRIGUEZ without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.The unlawful justification was a false criminal action based upon a false criminal court complaint in the Criminal Court of the City of New York & County of Bronx, docket number 2015BX001041 which was dismissed on October 7, 2017 before Judge McGuire in Part AP- 10.

50. The individually named defendants caused plaintiff JUAN CARLOS RODRIGUEZ to be falsely arrested and unlawfully detained. The underlying criminal case was eventually dismissed  in the criminal court of the City of New York and County of Bronx.

51. By reason of the foregoing, the plaintiff JUAN CARLOS RODRIGUEZ is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CLAIM ON BEHALF OF JUAN CARLOS RODRIGUEZ**
**( Malicious prosecution under 42 U.S.C. Section 1983 )**

52. Plaintiff repeats the foregoing allegations

53.  The individually named defendants began, initiated, commenced and continued a malicious protection against the plaintiff JUAN CARLOS RODRIGUEZ .

54.   Defendants caused the plaintiff JUAN CARLOS RODRIGUEZ to be prosecuted without probable cause .

55.  By reason of the foregoing, the plaintiff JUAN CARLOS RODRIGUEZ is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CLAIM ON BEHALF OF JUAN CARLOS RODRIGUEZ**

**Abuse of Process under 42 U.S.C. Section 1983**

56. Plaintiff repeats the foregoing allegations

57. The defendants issued criminal process against the plaintiff JUAN CARLOS RODRIGUEZ by arresting him and falsely prosecuting him in .

58.  Defendants, their agents servants and employees, by their conduct herein alleged, caused the plaintiff JUAN CARLOS RODRIGUEZ to be arrested and prosecuted in order to obtain an impermissible collateral objective outside the legitimate ends of the legal system, to wit: to avoid discipline for their abuse of authority, to gain overtime compensation, and thereby violated plaintiff's right to be free from malicious abuse of process.

59. By reason of the foregoing, the plaintiff JUAN CARLOS RODRIGUEZ is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CLAIM ON BEHALF OF JUAN CARLOS RODRIGUEZ**

(Violation of Right to a Fair Trial under 42 U.S.C. Section 1983)

60. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

61. Defendants created false evidence against the plaintiff JUAN CARLOS RODRIGUEZ including false statements that he had committed criminal acts that did not take place, as aforesaid .

62. Defendants used the false evidence against JUAN CARLOS RODRIGUEZ in a legal proceeding in the Criminal Court of the City of New York.

63. By reason of the defendant's creation, fabrication, and use of false evidence against the plaintiff JUAN CARLOS RODRIGUEZ plaintiff suffered and experienced a violation of his right to a fair trial as guarantied by the Constitution of the United States.

64. By reason of the foregoing, the plaintiff JUAN CARLOS RODRIGUEZ is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CLAIM ON BEHALF OF JUAN CARLOS RODRIGUEZ**

Failure to Intervene under 42 U.S.C. Section 1983

65. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

66. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiff whose constitutional rights were being violated in their presence and with their knowledge.

67. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

68. By reason of the foregoing the plaintiff had his liberty restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

69. By reason of the foregoing, the plaintiff JUAN CARLOS RODRIGUEZ is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A EIGHTH CLAIM ON BEHALF OF JUAN CARLOS RODRIGUEZ**

Supervisory Liability under 42 U.S.C. Section 1983

70. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

71. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

. 72. By reason of the foregoing, the plaintiff JUAN CARLOS RODRIGUEZ is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN NINTH CLAIM ON BEHALF OF JUAN CARLOS RODRIGUEZ**

Municipal Liability under 42 U.S.C. Section 1983
MONELL VIOLATION

73.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

.   74.  Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.

75. The aforementioned procedures, customs, usage, practices, rules and/or regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to controlled substances , known in the NYPD as "flaking" and the making of false arrests to obtain overtime compensation, known in the NYPD as "collars for dollars"

76. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and Southern Districts of New York, and the names and docket numbers of some of these are set forth above   the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

77 . That the City of New York, through a policy, practice or custom, directly caused

the constitutional violations suffered by the plaintiff.

78. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.        .

79. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

80. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

81. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

82. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

83. With respect to the individually named defendants, the defendant the CITY OF NEW YORK had notice of the aforementioned actions brought in the US District Courts for the Eastern and Southern Districts of New York. The defendant the CITY OF NEW YORK had actual notice of all these actions and those set forth in the preceding paragraphs since its Law Department and Corporation Counsel filed notices of appearance in all these actions and represented the defendants and /or settled all of same:

84. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and/ or deliberately ignored.

85. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

86.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

87. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

88. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.

89.  As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

February 2, 2018.

.                        This is an electronic signature

--------------/s/-----------------------------

MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff

44 Court Street

Suite 906

Brooklyn, NY 11201

(718) 488-7788